Jay Lavroff, Esq. (JL 0478)
**LINDABURY, McCORMICK, ESTABROOK &
COOPER, P.C.**
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey 07091
(908) 233-6800
Attorneys for Plaintiffs AIU Insurance Company and
National Union Fire Insurance Company of Pittsburgh, Pa.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AIU INSURANCE COMPANY and; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiffs,<br>v.<br><br>K. HOVNANIAN AT NEWARK URBAN RENEWAL CORP III, INC.; HOVNANIAN ENTERPRISES, INC.; and K. HOVNANIAN ENTERPRISES, INC.,<br><br>Defendants. | : Civil Action No.:<br>:<br>:<br>:<br>:<br>: **COMPLAINT FOR**<br>: **DECLARATORY JUDGMENT**<br>:<br>:<br>:<br>:<br>:<br>: |

Plaintiffs AIU Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA, by way of Complaint against Defendants state as follows:

1. Plaintiff AIU Insurance Company ("AIU") has its principal place of business located at 70 Pine Street, New York, New York 10270.

2. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") has its principal place of business located at 70 Pine Street, New York, New York 10270-0150.

2362906v1

3.      Defendants K. Hovnanian at Newark Urban Renewal Corp. III, Inc., Hovnanian Enterprises, Inc., and K. Hovnanian Enterprises, Inc., (collectively referred to herein as the "Hovnanian Entities") have their principal place of business located at 10 Highway 35, Red Bank, New Jersey 07701.

4.      Plaintiffs AIU and National Union seek declaratory relief against the Defendants as set forth in this Complai nt.

## THE PARTIES

5.      AIU is a New York corporation with its principal place of business in New York, New York.

6.      National Union is a Pennsylvania corporation with its principal place of business in New York, New York.

7.      K. Hovnanian at Newark Urban Renewal Corp. III, Inc. is a New Jersey corporation with its principal place of business in Red Bank, New Jersey.

8.      Hovnanian Enterprises, Inc. is a Delaware corporation with its principal place of business in Red Bank, New Jersey.

9.      K. Hovnanian Enterprises, Inc. is a Delaware corporation with its principal place of business in Red Bank, New Jersey.

## JURISDICTION AND VENUE

10.     The basis for jurisdiction is this matter is diversity of citizenship pursuant to 28 U.S.C. § 1332, and that plaintiffs seek relief pursuant to the Federal Declaratory Judgment Act 28 U.S.C. § 2201, *et seq.* The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.     Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because the defendants have their principal place of business in the district.

## FACTS

### *THE NATIONAL UNION COMMERCIAL GENERAL LIABILITY POLICIES*

12. National Union issued the following commercial general liability policies to the Hovnanian Entities: policy number GL 590-69-99 RA, effective February 28, 1993 to February 28, 1994; policy number GL 590-84-34, effective February 28, 1994 to October 31, 1994; and policy number GL 590-84-70A, effective October 31, 1994 to October 31, 1995 (collectively, the "National Union CGL Policies"). The named insured under these policies is K. Hovnanian Enterprises, Inc. but coverage was extended to its subsidiaries and certain named additional insureds.

13. National Union has paid certain unrelated claims under policy number GL 590-69-99 RA so that the policy is now exhausted.

14. The National Union CGL Policies provide that National Union will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage, as defined in the policies, to which the insurance applies. National Union has the right and duty to defend the insured against any suit, as defined in the policy, seeking those damages. National Union has no duty to defend the insured against any suits seeking damages for bodily injury or property damage to which insurance provided under the National Union CGL Policies does not apply.

15. Insurance under the National Union CGL Policies applies to bodily injury and property damage only if the bodily injury or property damage is caused by an occurrence, as defined in the policy, that takes place in the coverage territory, as defined in the policy, and the bodily injury or property damage occurs during the policy period.

16. The National Union CGL Policies contain the following relevant exclusions, which state that insurance under the policies does not apply to:

    a.    **Expected or Intended Injury**

... 'property damage' expected or intended from the standpoint of the insured.

j. **Damage to Property**

   'Property damage' to

   (1) Property you own, rent, or occupy;

   (2) Premises you sell, give away or abandon, if the 'property damage' arises out of any part of those premises'

   (3) Property loaned to you;

   (4) Personal property in the care, custody or control of the insured;

   (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations; or

   (6) That particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it.

   Paragraph (2) of this exclusion does not apply if the premises are 'your work' and were never occupied, rented or held for rental by you.

   Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

   Paragraph (6) of this exclusion does not apply to 'property damage' included in the 'products-completed operations hazard'.

k. **Damage to Your Product**

   "Property damage" to "your product" arising out of it or any part of it.

l. **Damage to Your Work**

   "Property damage" to "your work" arising out of it or any part of it and included in the 'products-completed operations hazard'.

   This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. **Damage to Impaired Property or Property Not Physically Injured**.

4

2362906v1

> 'Property damage' to 'impaired property' or property that has not been physically injured, arising out of:
>
> (1)   A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or
>
> (2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use.

"Impaired property" is defined, in relevant part, to mean:

...tangible property other than 'your product' or 'your work', that cannot be used or is less useful because:

a.   It incorporates 'your product' or 'your work' that is known or thought to be defective, deficient, inadequate or dangerous; or

b.   You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a.   The repair, replacement, adjustment or removal of 'your product' or 'your work' or

b.   Your fulfilling the terms of the contract or agreement.

"Your work" is defined, in relevant part, to mean:

a.   Work or operations performed by you or on your behalf; and

b.   Materials, parts or equipment furnished in connection with such work or operations.

'Your work' includes:

a.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work';

b.   The providing of or failure to provide warnings or instructions.

5

17.     National Union policy GL 590-84-70RA also contains Endorsement No. 8 captioned "Punitive Damages Exclusion" which provides, in relevant part, as follows:

> It is agreed that no coverage under this policy applies to any fines, penalties, punitive or exemplary damages.

### *AIU COMMERCIAL GENERAL LIABILITY POLICIES*

18.     AIU issued the following commercial general liability insurance policies to the Hovnanian Entities: policy number GL 817-83-05 RA, effective October 31, 1997 to October 31, 1998; policy number GL 817-83-05 RA, effective October 31, 1998 to October 31, 1999; policy number GL 817-83-05 RA, effective October 31, 1999 to October 31, 2000; and policy number GL 817-83-05 RA, effective October 31, 200 to October 31, 2001 (collectively, the "AIU Policies"). The named insured under these policies is K. Hovnanian Enterprises, Inc. but coverage was extended to its subsidiaries and certain named additional insureds.

19.     AIU paid numerous unrelated claims under the policies so that the AIU Policies in effect from October 31, 1998 to October 31, 1999 and October 31, 1999 through October 31, 2000 have been exhausted.

20.     The AIU Policies provide that AIU will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage, as defined in the policies, to which the insurance applies. AIU has the right and duty to defend the insured against any suit, as defined in the policy, seeking those damages. AIU has no duty to defend the insured against any suits seeking damages for bodily injury or property damage to which insurance provided under the AIU Policies does not apply.

21.     Insurance under the AIU Policies applies to bodily injury and property damage only if the bodily injury or property damage is caused by an occurrence, as defined in the policies, that takes place in the coverage territory, as defined in the policies, and the bodily injury or property damage occurs during the policy period.

2362906v1

22. The AIU Policies contain the same exclusions as the National Union CGL Policies as set forth in paragraph 13 above.

23. The AIU Policies also contain an endorsement entitled "ENDORSEMENT MS #011, which amends the definition of "Occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. In the event of continuing or progressively deteriorating damage over any length of time, such damage shall be deemed to be one occurrence, and shall be deemed to occur when such damage first commences.

24. The National Union CGL Policies and the AIU Policies are also individually subject to a $25,000 self-insured retention per occurrence which must be satisfied before coverage attaches.

### *NATIONAL UNION UMBRELLA POLICIES*

25. National Union also issued the following umbrella insurance policies to the Hovnanian Entities: policy number BE 309-99-53, effective October 31, 1994 to October 31, 1995; policy number BE 309-99-53, effective October 31, 1995 to October 31, 1996; policy number BE 932-42-45, effective October 31, 1996 to October 31, 1997; policy number BE 932-97-56, effective October 31, 1997 to October 31, 1998; policy number BE 932-97-56, effective October 31, 1998 to October 31, 1999; policy number BE 932-97-56, effective October 31, 1999 to October 31, 2000; and policy number BE 932-97-56, effective from October 31, 2000 to October 31, 2001 (collectively, the National Union Umbrella Policies").

26. The National Union Umbrella Policies were written as excess of scheduled underlying insurance coverage. The National Union Umbrella Policies provide that National Union will pay, pursuant to policy limits, only those sums that the insured becomes legally obligated to pay by reason of liability imposed by law or assumed by the insured under an insured contract because of bodily injury, property damage, personal injury, or advertising injury caused by an occurrence, as defined under the policy, that takes place during the policy period. National Union has no obligation to pay on behalf of the insured under the National Union Umbrella Policies until the retained limits have been exhausted.

27. The National Union Umbrella Policies also provide that National Union will have the duty to defend the insured only against a claim or suit seeking damages covered by the terms and conditions of the National Union Umbrella Policies, when the limits of underlying insurance providing coverage to the insured have been exhausted by payment of claims to which the National Union Umbrella Policies apply, or damages are sought for bodily injury, property damage, personal injury, or advertising injury covered by the National Union Umbrella Policies but not covered by any underlying insurance providing coverage to the insured.

28. The National Union Umbrella Policies contain the following relevant exclusions, which state that insurance under the policies does not apply to:

> E. **Property damage** to **Impaired Property** or property that has not been physically injured, arising out of:
>
>   1. A defect, deficiency, inadequacy or dangerous condition in **Your Product** or **Your Work**; or
>   2. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
>   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **Your Product** or **Your Work** after it has been put to its intended use.
>
> F. **Property Damage** to **Your Product** arising out of it or any part of it.
>
> G. **Property Damage** to **Your Work** arising out of it or any part of it and included in the **Products-Completed Operations Hazard**.
>
> H. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
>
>   1. **Your Product**;
>
>   2. **Your Work**; or
>
>   3. **Impaired Property**.
>
>   If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

ENDORSEMENT #003

## PROFESSIONAL LIABILITY EXCLUSION

This insurance does not apply to Bodily Injury, Property Damage, Personal Injury or Advertising Injury arising out of any act, error, or omission, malpractice or mistake of a professional nature committed by the Insured of any person for whom the Insured is legally responsible.

### *THE SOCIETY HILL LITIGATION*

29. On or about July 11, 2003, Society Hill at University Heights III Condominium Association, Inc. ("Society Hill") filed a Complaint against K. Hovnanian at Newark Urban Renewal Corp. III, Inc. ("Hovnanian") in the Superior Court of New Jersey, Essex County, under Docket Number ESX-L-5867-03 (referred to as the "Society Hill Litigation").

30. Society Hill filed a number of Amended Complaints, the last of which was the Third-Amended Complaint filed on October 29, 2008. The Amended Complaints named additional defendants, namely the various subcontractors who worked on the Project, but retained the same factual and legal allegations as the initial Complaint.

31. The claims in the Third Amended Complaint arise out of Hovnanian's role as the developer, designer, sponsor and general contractor of an urban renewal project consisting of the construction of condominiums and townhouses in Newark, New Jersey. The project was constructed in phases and the sites at issue in the Complaint are known as Society Hill at University Heights III, Section C and E (referred to as the "Project").

32. In its Third Amended Complaint, Society Hill alleges that Hovnanian and its subcontractors failed to design, develop, construct and/or improve the Project in accordance with applicable building codes, industry standards and manufacturer's specifications. The Third Amended Complaint asserts numerous causes of action against Hovnanian including negligence, breach of duty to "to design, develop and construct the construction project with reasonable care and free of defects", breach of express and implied warranties, breach of contract, strict liability,

violation of applicable BOCA Codes, and violations of the New Jersey Warranty Act, NJSA 46:3B-1 *et seq.* and the New Jersey Planned Real Estate Development Full Disclosure Act.

33. Society Hill further alleges that Hovnanian is responsible for numerous construction defects and deficiencies and that Society Hill has, and in the future will, expend substantial sums to repair and replace the alleged defects.

34. Society Hill does not, and has not, alleged damage to property other than Hovnanian's own work on the Project.

35. The Third Amended Complaint seeks, among other things, compensatory damages, treble damages, punitive damages, statutory penalties and attorney fees.

36. There is no insurance coverage under the National Union CGL Policies, AIU CGL Policies or National Union Umbrella Policies for punitive damages, treble damages and/or attorney fees sought in the Society Hill Litigation.

37. In support of its claims, Society Hill has served a number of expert reports alleging thirty-eight (38) separate construction defects to certain aspects of Hovnanian's work on the Project.

### *AIU AND NATIONAL UNION'S DEFENSE OF HOVNANIAN UNDER A RESERVATION OF RIGHTS*

38. AIU and National Union have been notified of the Society Hill Litigation.

39. AIU and National Union have advised Hovnanian in writing that certain AIU and National Union policies do not or may not provide coverage for some or all of the claims asserted in the Society Hill Litigation. AIU and National Union further reserved all of their rights under their policies without waiver.

40. AIU and National Union initially agreed to provide a defense for Hovnanian in the Society Hill Litigation subject to a full reservation of rights.

41. Since 2006, AIU and National Union have participated in the defense of Hovnanian in the Society Hill Litigation, subject to their reservation of rights and any supplements thereto.

2362906v1

## FIRST CAUSE OF ACTION
### (Declaratory Relief – No Coverage Under the National Union CGL Policies)

42. National Union repeats and reiterates each and every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

43. An actual and substantial controversy exists between National Union and the Hovnanian Entities, in that National Union contends, and the Hovnanian Entities deny, that the National Union CGL Policies do not provide the Hovnanian Entities with insurance coverage in whole or in part for the Society Hill Litigation.

44. No coverage is provided for the allegations in the Society Hill Litigation under the National Union CGL Policies. As such, National Union has no duty to defend or indemnify Hovnanian in or against the Society Hill Litigation.

45. A prompt adjudication of this controversy is necessary, and National Union desires a judicial determination and a declaration of its rights and duties.

## SECOND CAUSE OF ACTION
### (Declaratory Relief – No Coverage Under The AIU Policies)

46. AIU repeats and reiterates each and every allegation contained in paragraphs 1 through 45 as if fully set forth herein.

47. An actual and substantial controversy exists between AIU and the Hovnanian Entities, in that AIU contends, and the Hovnanian Entities deny, that the AIU Policies do not provide the Hovnanian Entities with insurance coverage in whole or in part for the Society Hill Litigation.

48. No coverage is provided for the allegations in the Society Hill Litigation under the AIU Policies. As such, AIU has no duty to defend or indemnify Hovnanian in or against the Society Hill Litigation.

49. A prompt adjudication of this controversy is necessary, and AIU desires a judicial determination and a declaration of its rights and duties.

### THIRD CAUSE OF ACTION
### (Declaratory Relief – No Coverage Under
### The National Union Umbrella Policies)

50. National Union repeats and reiterates each and every allegation contained in paragraphs 1 through 49 as if fully set forth herein.

51. An actual and substantial controversy exists between National Union and the Hovnanian Entities, in that National Union contends, and the Hovnanian Entities deny, that the National Union Umbrella Policies do not provide the Hovnanian Entities with insurance coverage in whole or in part for the Society Hill Litigation.

52. No coverage is provided for the allegations in the Society Hill Litigation under the National Union Umbrella Policies. As such, National Union has no duty to defend or indemnify Hovnanian in or against the Society Hill Litigation.

53. A prompt adjudication of this controversy is necessary, and National Union desires a judicial determination and a declaration of its rights and duties.

### FOURTH CAUSE OF ACTION
### (Reimbursement of Defense Costs)

54. AIU and National Union repeat and reiterate each and every allegation contained in paragraphs 1 through 53 as if more fully set forth herein.

55. National Union's and AIU's defense of Hovnanian in the Society Hill Litigation is subject to a full reservation of rights. This reservation includes the right to seek reimbursement for legal costs and attorneys fees necessary to defend Hovnanian in the Society Hill Litigation.

56. Hovnanian has received unjust enrichment in the form of defense costs paid by National Union and AIU under their respective policies where coverage was not required to be provided under the terms, conditions and exclusions in those policies. These are funds that are and were the sole responsibility of, and should have been paid by, Hovnanain.

57. To permit Hovnanian to retain the benefit of defense costs paid by National Union and AIU would be unjust, unfair and inequitable under the circumstances.

58.     Hovnanian's failure to repay National Union and AIU for defense costs expended on Hovnanian's behalf in the Society Hill Litigation would unjustly enrich Hovnanian beyond its contractual rights and frustrate the rights of National Union and AIU rights as set forth in their reservations of rights to Hovnanian.

**WHEREFORE**, AIU and National Union pray for judgment as follows:

1. For a declaration that there is no coverage under the National Union CGL Policies;

2. For a declaration that there is no coverage under the AIU Policies;

3. For a declaration that there is no coverage under the National Union Umbrella Policies;

4. For a declaration that there is no coverage for Hovnanian in the Society Hill Litigation;

5. For a declaration that there is no coverage for treble, punitive or statutory damages in the Society Hill Litigation;

6. For reimbursement of costs and attorneys fees paid for the defense of Hovnanian in the Society Hill Litigation;

7. For costs of suit in the instant matter; and

8. For such other relief as the court deems necessary and proper under the circumstances.

                              LINDABURY, McCORMICK, ESTABROOK &
                              COOPER, P.C.


                              By: _s/Jay Lavroff_
                                  Jay Lavroff, Esq. (JL 0478)


                              Attorneys for Plaintiffs
                              AIU Insurance Company and National Union
                              Fire Insurance Company of Pittsburgh, Pa.

Dated: March 28, 2011

2362906v1