**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AIU INSURANCE COMPANY, et al., | : CIVIL ACTION NO. 11-1756 (MLC) |
| Plaintiffs, | : **O P I N I O N** |
| v. | : |
| K. HOVNANIAN AT NEWARK URBAN RENEWAL CORP. III, INC., et al., | : |
| Defendants. | : |

**AN ENTITY** known as Society Hill at University Heights III Condominium Association, Inc. ("SHUH") brought an action in New Jersey state court to recover damages for, inter alia, defective building construction ("State Construction Action") against K. Hovnanian at Newark Urban Renewal Corp. III, Inc., which is affiliated with Hovnanian Enterprises, Inc., and K. Hovnanian Enterprises, Inc. ("Insureds"). (Dkt. entry no. 1, Compl. at 9-10; see dkt. entry no. 10, Disclosure Statement.)  The State Construction Action remains pending.  (Compl. at 10.)  AIU Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA ("Insurers") provided coverage to the Insureds. (Id. at 3-8.)  The Insurers brought this separate action against the Insureds for a judgment declaring that the Insurers are not obligated to defend and indemnify the Insureds in the State Construction Action ("Declaratory Judgment Action").  (See id.)

**THE INSURERS** could either (1) be named in the State Construction Action as defendants, as third-party defendants, or in some other capacity, or (2) bring the declaratory-judgment claims in the appropriate state court and seek to have them consolidated with the State Construction Action.  A determination as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the State Construction Action.  As a result, this Court must abstain from adjudicating the Declaratory Judgment Action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)); see also Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174-75 (3d Cir. 2003) (affirming judgment dismissing complaint for, inter alia, reasons discussed above); Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, because deciding insurance-coverage issue raised in federal action would affect — and thus interfere with — underlying state action).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action involving insurance-coverage issues under state law, (2) concerns issues that will be raised in the State Construction Action, and (3) could be adjudicated by the same judge overseeing the State Construction Action.  As a result, the Complaint in the

Declaratory Judgment Action should be dismissed.  See Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (remanding action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain parties would need to be addressed in both the underlying state action and the removed declaratory-judgment action).  The dismissal will be without prejudice to the plaintiffs to recommence the Declaratory Judgment Action in the appropriate state court within 30 days, as the limitations period is tolled by the filing of a federal complaint.  See Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980).[1]

    **THE COURT**, in view of the pending State Construction Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation".  State Auto Ins. Cos. v. Summy, 234 F.3d

---

[1] The Court notes that SHUH and the Insureds' co-defendants in the State Construction Action ("Construction Action Co-Defendants") should have been named in the Declaratory Judgment Action.  See N.J.S.A. § 2A:16-56 (stating that when declaratory relief is sought, all those having an interest that would be affected by the declaration must be made parties to the proceeding).  For instance, the interests of SHUH and the Construction Action Co-Defendants would certainly be affected if the Insureds are found to be liable in the State Construction Action, but have no insurance coverage related to any claims or cross-claims.

131, 135 (3d Cir. 2001).  It appears that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum".  Id. at 136.  For good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  April 27, 2011